[No. 27969. Department One. September 21, 1940.]

HUBERT B. GILLINGHAM *et al., Appellants,* v. DORA S.
PHELPS *et al., Respondents,* GORDON C. ARNOLD,
*as Assignee, Appellant.*[1]

*Burton J. Onstine* and *A. W. Dolphin,* for appellants.

*E. O. Connor* and *Glenn E. Cunningham,* for respondent Phelps.

[1] Reported in 105 P. (2d) 825.

MAIN, J.—This is a controversy with reference to who is entitled to the proceeds of an insurance policy which covered property that was destroyed by fire.

To what is called the "third amended supplemental complaint," which will be referred to as the complaint, a demurrer was filed. The defendants Lawrence J. Fiman and Frank S. Fiman were defaulted. The defendant Gordon C. Arnold, as assignee, presented an answer and cross-complaint. The demurrer of the defendant Dora S. Phelps was sustained, and a judgment was entered dismissing the complaint and also the cross-complaint. In the same judgment, it was adjudicated that Mrs. Phelps was entitled to the insurance money. From this judgment, the plaintiffs, Hubert B. Gillingham and Rachel C. Gillingham, his wife, and Arnold appealed.

Mr. and Mrs. Gillingham will be referred to as the appellants. Gordon C. Arnold will be referred to as assignee. Dora S. Phelps will be referred to as Mrs. Phelps.

September 22, 1936, The Northwestern Mutual Life Insurance Company, being the owner of a six-story building in the city of Spokane, leased the top floor thereof to Mrs. Phelps, where she operated a pinochle club. March 9, 1938, Mrs. Phelps assigned the lease, transferred the property and fittings, which were used in the operation of the club, to Lawrence J. Fiman and Frank S. Fiman, and gave them a conditional sales contract. The Fimans operated the club for a time and then returned the property to Mrs. Phelps, who continued to operate it until she sold it to the appellants, who, sometime prior thereto, had purchased the real property from The Northwestern Mutual Life Insurance Company and taken from that company an assignment of the lease.

February 7, 1939, an oral agreement was made by

which Mrs. Phelps sold the property to the appellants. The consideration was the canceling of the indebtedness for back rent in the sum of $767.36, and $350 to be paid in cash. The contract of sale was to be later reduced to writing, and a bill of sale was to be given. At the time of the making of the oral contract, Mrs. Phelps was the beneficiary of a fire insurance policy in the amount of two thousand dollars, and the appellants were not mentioned therein.

When the oral agreement was made, or very soon after, the appellants went into possession and operated the club for a period of approximately three weeks, when the property was destroyed by fire. At the time of the fire, the contract and bill of sale had not been executed.

After the controversy arose as to who was entitled to the proceeds of the policy, the insurance company paid eighteen hundred dollars thereof into the registry of the court and sold the property not destroyed completely by the fire for the sum of two hundred dollars and held this two hundred dollars for whoever the court should decree was entitled to the insurance money. The judgment entered provided for a dismissal as to the insurance company when it paid the two hundred dollars into the registry of the court.

The appellants contend that they were entitled to the insurance money to the extent of $1,650, and that Mrs. Phelps was entitled to $350, the amount that was to be paid in cash. Mrs. Phelps contends that she was entitled to the entire sum.

In the absence of a statute or agreement, the risk of loss or injury as between the buyer and the seller must be borne by the party who has the title to the property at the time such loss or injury occurs. 55 C. J. 597, § 608.

█ In Rem. Rev. Stat., § 5836-19, Rule 4, subd. (2), it is provided that, where, in pursuance of a contract to sell,

" . . . the seller delivers the goods to the buyer, . . . he is presumed to have unconditionally appropriated the goods to the contract, except in the cases provided for in the next rule and in section 5836-20. This presumption is applicable, although by the terms of the contract, the buyer is to pay the price before receiving delivery of the goods, and the goods are marked with the words 'collect on delivery' or their equivalents."

There is nothing in what is referred to there as the next rule or the section mentioned which affects the transaction here involved. From the complaint, it could not be concluded that it was the intention of the parties that title should not pass until after the execution of the contract and bill of sale. As we view it, the title passed to the appellants at the time they went into possession of the property.

█ The title being in the appellants and Mrs. Phelps being the beneficiary named in the policy, the proceeds should first be applied upon the balance due upon the purchase price and the remainder turned over to the appellants; this upon the theory of constructive trusteeship, Mrs. Phelps being considered as trustee for the appellants. *Brakhage v. Tracy,* 13 S. D. 343, 83 N. W. 363; *Gilbert v. Port,* 28 Ohio St. 276; *Kaufman v. All Persons, etc.,* 16 Cal. App. 388, 117 Pac. 586; *Skinner & Sons' etc. Co. v. Houghton,* 92 Md. 68, 48 Atl. 85, 84 Am. St. 485; *Brady v. Welsh,* 200 Iowa 44, 204 N. W. 235, 40 A. L. R. 603; *Cetkowski v. Knutson,* 163 Minn. 492, 204 N. W. 528, 40 A. L. R. 599.

It is true that, in all of the cases just cited the property destroyed by fire was real property, such as a dwelling house or other buildings. We see no reason,

however, why the same principle should not operate in the case of personal property. Our conclusion on this branch of the case is that the complaint states a cause of action.

As to the cross-complaint, little need be said. The Fimans, after the fire and after they had turned the property back to Mrs. Phelps, made an assignment of their interest, if any, in the property and in the insurance money to the above named assignee for the benefit of their creditors, to the extent of $102.18, from whom they had acquired merchandise during the time that they were operating the club, and for a small amount of money that was loaned to them. Having turned the property back to Mrs. Phelps, the Fimans had no interest therein or in the insurance money, and, consequently, had nothing to assign.

The judgment dismissing the cross-complaint will be affirmed. The judgment dismissing the complaint of the appellants will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

BLAKE, C. J., JEFFERS, ROBINSON, and SIMPSON, JJ., concur.