VER MEER, Respondent v. VER MEER, Appellant

(241 N.W.2d 571)

(File No. 11536. Opinion filed April 29, 1976)

Sam D. Sechser and Roger A. Schiager, Sioux Falls, for defendant and appellant.

Derald W. Wiehl and John C. Quaintance, May, Johnson & Burke, Sioux Falls, for plaintiff and respondent.

DOBBERPUHL, Circuit Judge.

The Plaintiff and the Defendant were married on July 31,

1949, at Sioux Falls, South Dakota, and were husband and wife until the divorce was granted on April 19, 1974. Four children were born as issue of the marriage, two of the children of legal age and two of the children of ages fifteen and twelve. The trial court found in Number IV of the findings:

"That the wrongful acts committed by Defendant against Plaintiff consisted of degrading the Plaintiff, rejecting the food and meals, accusing the Plaintiff and the children of conspiring against him; and that he denied her funds and told her that the children were her problem."

Finding Number V of the trial court:

"That the wrongful acts committed by Plaintiff against Defendant for some time prior to the commencement of this action consisted of refusal to properly prepare meals and to maintain the home and living conditions in any semblance of a normal manner of propriety; that Plaintiff spent great amounts of time away from the home, many of which absences were unaccounted for; caused and incurred abnormally heavy long distance telephone bills for calls to relatives and elsewhere; mortgaged the automobiles of the parties without Defendant's knowledge or consent; registered on two occasions at a motel under a fictious (sic) name; allowed abnormal food spoilage in the kitchen; as well as refusing to remove pet excretions from the living areas for abnormal periods of time; all of said acts on the part of the Plaintiff towards the Defendant being greater in weight and degree and, therefore, established that Defendant suffered the greater amount of extreme cruelty."

On that basis the trial court awarded to the Defendant husband on his cross-complaint a divorce. He also awarded custody of the two minor children to the Plaintiff wife and provided for their support, and made a division of property. The court awarded the Plaintiff wife alimony in the sum of One Dollar ($1.00) per year.

■ When this appeal was taken, the court on a hearing to show cause, brought by the Plaintiff for attorneys' fees, ordered the Defendant to pay attorneys' fees to the Plaintiff's attorneys in the total sum of Seven Hundred and Fifty Dollars ($750.00) for the purpose of making the appeal. Defendant in his appeal presents five assignments of error. Number One: Did the Court err in requiring the Defendant to pay alimony in the sum of One Dollar ($1.00) per year to the Plaintiff wife when the Defendant husband had been awarded the decree of divorce from the Plaintiff based upon extreme cruelty and conduct by the Plaintiff towards the husband? The answer to that question is found in SDCL 25-4-41:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects."

This Court dealt with this statute in Bernard v. Bernard, 1952, 74 S.D. 449, 54 N.W.2d 351; in that case a divorce to the husband by the Court because of extreme cruelty of the wife. Pursuant to a stipulation, the husband agreed to pay the wife Eighty Dollars ($80.00) per month for her support and the Court ordered the husband to pay that Eighty Dollars ($80.00) to the wife. Three years later, the husband brought an Order to Show Cause seeking to have the judgment by the Court modified by striking the support payment. The Court, acting upon the request, modified the judgment to a payment of Sixty Dollars ($60.00) per month, but did not strike the payment in its entirety. The husband appealed and this Court held that alimony is statutory in origin and authority for such allowance is granted when the divorce is for the offense of the husband, and the Court does not have equitable powers for granting alimony. The ruling of that case is applicable here even if both parties are guilty of misconduct, but only the husband is granted the divorce.

Assignments of error Two and Three: (1) Did the trial court err in granting custody of the children, ages fifteen and twelve, to the mother, since these children were not of tender years and other considerations between the mother and the father were not equal but were in favor of the father? (2) That the evidence would show that the mother was unfit to care for the children?

The trial court talked separately to the minor children in private and out of the hearing of others, to determine their preferences. That, as well as other factors covered by the record, establishes that the court found that considerations between the father and the mother were not equal, and that the mother, in spite of her misconduct to her husband, was the proper parent to have custody of the children.

It is clear from the record that the discretion invested in the trial court was not abused. It is well settled that the trial court must be allowed wide latitude and the exercise of its discretion in awarding custody of minor children, which discretion may not be interfered with, on appeal, unless the appellate court is soundly persuaded by the record that the trial court has abused that discretion. Engle v. Yorks, 1895, 7 S.D. 254, 64 N.W. 132; Hines v. Hines, 1960, 78 S.D. 464, 104 N.W.2d 375, rehearing denied, 78 S.D. 502, 105 N.W.2d 70; Howells v. Howells, 1962, 79 S.D. 480, 113 N.W.2d 533.

Appellant argues finally,

"[t]hat the Trial Court erred in awarding fees to counsel for the Plaintiff-Respondent for appeal purposes in the absence of her showing a need for such attorney fees and in the absence of showing the amount of time and effort required by her counsel to represent her on this appeal, and that the fees subsequently awarded by the Trial Court were excessive and unreasonable."

The allowance of attorneys' fees rests in the sound discretion of the trial court, Baron v. Baron, 1947, 71 S.D. 641, 28 N.W.2d 836, and will not be interfered with by this Court unless it ap-

pears there is error in the exercise thereof. Each case must rest upon its own facts, and there is little to be gained by comparing the present fee with others which have previously been allowed, De Witt v. De Witt, 1971, 86 S.D. 59, 191 N.W.2d 177. The trial court in awarding attorneys' fees did so after considering the needs of the Plaintiff and the support for herself and the minor children. A request was made by the Plaintiff for Eleven Hundred Fifty Dollars ($1150.00) for attorneys' fees and costs and the trial court, after a hearing, cut such request to a total of Seven Hundred and Fifty Dollars ($750.00). A fee for appeal of this type and in this day of inflation is not unreasonable, and does not give an impression of abuse of the trial court's discretion.

The judgment is modified by striking therefrom the award of alimony, and as so modified is affirmed.

Costs in this appeal, by virtue of our holding being discretionary under SDCL 15-30-7, will be taxed against the appellant as the modification of the judgment is not substantial.

WINANS, WOLLMAN and COLER, JJ., concur.

DOBBERPUHL, Circuit Judge, sitting for DUNN, C. J.