Roberta Z. FENNEY *v.* William C. FENNEY

76-51 537 S.W. 2d 367

Opinion delivered June 7, 1976
[Rehearing denied July 6, 1976.]

*Carpenter, Finch & Dishongh,* for appellant.

*Wayne R. Foster,* for appellee.

CONLEY BYRD, Justice. Appellant Roberta Z. Fenney having been granted a divorce from appellee William C. Fenney appeals from the trial court's holding that she was not entitled to one-third of her husband's Air Force retirement pay. We affirm the trial court.

Ark. Stat. Ann. § 34-1214 (Repl. 1962) provides that a wife who is granted a divorce "shall be entitled to one-third [1/3] of the husband's personal property absolutely, and one-third [1/3] of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, . . . "

We do not consider the right to receive retirement pay from the armed forces to be personal property within the meaning of Ark. Stat. Ann. § 34-1214, *supra.* The right to a pension and retirement pay, not yet due and payable, cannot be assigned, sold, transferred, conveyed or pledged. See *In re Marriage of Ellis,* 538 P. 2d 1347 (Colo. App. 1975).

Appellant relies upon cases from community property states, such as *Ramsey v. Ramsey,* 96 Idaho 672, 535 P. 2d 53 (1975), and *Miser v. Miser,* 475 S.W. 2d 597 (Tex. Civ. App. 1971), to support her position. For the reasons stated in *In re*

*Marriage of Ellis, supra,* we do not find the decisions from the community property states to be persuasive. In effect, the community property jurisdictions treat armed forces' retirement pay as alimony; otherwise, it is not collectible, 42 U.S.C. § 659 (Supp. IV, 1974).

Affirmed.