**In re the MARRIAGE OF Mary A. CAMARATA, Appellant,**

**and**

**Joseph J. Camarata, Appellee.**

**No. 78–1010.**

Colorado Court of Appeals, Div. II.

Nov. 1, 1979.

Richard P. Ranson, Colorado Springs, for appellant.

Rex T. Johnson, Mitchell L. Duke, Colorado Springs, for appellee.

SILVERSTEIN, Judge.

Appellant, the wife in this dissolution of marriage proceeding, challenges the trial court's order for the division of property and denial of maintenance. The dispute

between the parties centers around the treatment of the husband's Civil Service retirement benefits. We affirm.

The parties were married for nearly twenty-nine years and the two children of the marriage are emancipated. During the course of the marriage, the appellant spent sixteen years as a homemaker. At the time of the hearing, appellant was employed under Civil Service and had been for the preceding nine years. The husband was retired and receiving an annuity after working thirty years under Civil Service.

Both parties were members of the mandatory Civil Service retirement program. Under the plan, an employee contributes a percentage of his salary to the retirement fund which is credited to an individual account in the employee's name. The employee's contributions are payable to him in a lump sum if he leaves the Civil Service Employment prior to death or retirement. When an employee retires, the amount contributed by him is the first money to be paid out as retirement benefits. Once those funds are exhausted, the retiree continues to receive benefits for each month that he lives from funds contributed by the employer.

At the time of his retirement, the husband's contributions totaled $16,000 and $3,400 remained in his account on the date of the decree. The wife's account was credited with $5,077 at the time of the decree. The trial court found that the husband had paid marital obligations with his retirement benefits received prior to the hearing. Evaluating the marital property of the parties as of the date of the decree, the trial court awarded the appellant one-half of the unspent portion of the husband's contributions to his retirement fund as well as the total amount accumulated in her own account.

The parties do not dispute that the unspent and accumulated portions of their retirement contributions are marital property. *In re Marriage of Mitchell*, Colo., 579 P.2d 613 (1978); *In re Marriage of Pope*, 37 Colo.App. 237, 544 P.2d 639 (1975). Appellant, however, contends that the trial court

should have treated the husband's entire annuity, including the benefits he will receive for the remainder of his lifetime, as marital property. We disagree.

The additional benefits are contingent upon the husband's survival and terminate at his death. In *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976), military retirement pay was held not to be property under the dissolution of marriage act because it had no cash surrender value, loan value, redemption value, lump sum value, or value realizable after death. Since the employer's portion of the annuity here exhibits these same characteristics, we find the husband's expectancy of future payments not to be marital property. *Ellis v. Ellis, supra; Menor v. Menor*, 154 Colo. 475, 391 P.2d 473 (1964); *In re Marriage of Johnson*, 40 Colo.App. 250, 576 P.2d 188 (1977).

Appellant further alleges that the trial court abused its discretion in awarding her only one-half of the equity in the family home and in denying her maintenance. We find appellant's arguments to be without merit. An examination of the record shows that the trial court considered all of the relevant factors and circumstances of the parties in ordering the division of property, § 14-10-113(1), C.R.S.1973, and we will not disturb the ruling on review. *Brocato v. Brocato*, 172 Colo. 390, 473 P.2d 702 (1970). The appellant was awarded more than one-half of the marital assets, and she is able to support herself through her present employment. We find no abuse of discretion in the trial court's denial of maintenance. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972).

Appellant's claims stem from the disparity between her estimated retirement income and the retirement income of her husband, and concern for her financial security in her later years. In a dissolution of marriage proceeding, the court cannot guarantee to the parties the avoidance of a reduction in standard of living at some future date. *Moss v. Moss*, 190 Colo. 491, 549 P.2d 404 (1976).

Judgment affirmed.

RULAND and VAN CISE, JJ., concur.