Rockingham
No. 79-198

KAREN E. BAKER

v.

DONALD E. BAKER

September 26, 1980

*Glen E. Graper P.A.*, of Portsmouth (*Stephen T. Jeffco* orally), for the plaintiff.

*Flynn, McGuirk & Blanchard*, of Portsmouth (*John P. McGee, Jr.*, orally), for the defendant.

BROCK, J.  This marital case presents a number of issues and comes before us on a notice of appeal filed by the defendant following the Master's (*Nicholas G. Copadis*, Esq.) final decree, which was approved by *Mullavey*, J. On this appeal, the defendant raises a total of six issues, all of which concern the amount of money that the defendant will have to pay to, or on behalf of, the plaintiff.

The parties were married on May 10, 1958, at which time the defendant was an enlisted man in the Air Force. In 1977, the defendant retired from the Air Force having attained the rank of Major, and he is now receiving military retirement pay.

During the course of the marriage, the parties had three children. The oldest child, born in 1959, attends college and the other two children, born in 1962 and 1970, attend local public schools. Throughout the marriage, the plaintiff worked part-time as a babysitter. She also attended college, received a Bachelor of Arts degree and, in 1979, was certified as an elementary school teacher in this State.

In 1978, the plaintiff filed for divorce on the grounds of irreconcilable differences and the defendant filed a cross-libel on grounds of refusal to cohabit (RSA 458:7 IX). The master dismissed the defendant's cross-libel and granted the plaintiff a divorce on the basis of irreconcilable differences. The final decree, entered April 26, 1979, granted custody of the minor children to the plaintiff, ordered the defendant to pay the amount of $110 per week for "support of plaintiff and the minor children" and, in addition, awarded the plaintiff one-half of the defendant's net monthly military retirement pay as part of a property distribution. Following a rehearing, the defendant filed a notice of appeal in this court asserting that military retirement pay is not a property right subject to distribution in a divorce, that his cross-libel was improperly dismissed, that he was improperly denied the right to cross-examine the plaintiff concerning the parties' sexual relations

for more than two years prior to filing of the libel for divorce, that the master failed to give proper weight to plaintiff's refusal to cohabit when awarding her one-half of defendant's military retirement pay, that the amount of alimony and child support was excessive, arbitrary, unreasonable and contrary to law, and finally, that he was improperly ordered to pay their entire 1978 federal tax liability. Prior to oral argument before this court, the superior court, upon the plaintiff's motion, ordered the defendant's military retirement pay garnished in order to enforce the temporary support order. The defendant then filed a motion in this court for permission to amend his notice of appeal in order to raise the legality of that garnishment as an issue on this appeal. We granted the defendant's motion and that issue is now properly before us.

In his brief, the defendant also raises some evidentiary objections concerning various bank certificates. That issue, however, was not set out in his notice of appeal or in the amended notice of appeal and is therefore deemed waived.

The first issue to be considered is whether military retirement pay is a property right subject to division in the dissolution of a marriage. Generally, the court's power to make an equitable distribution of the parties' property is derived from RSA 458:19, :22, and the properties in each party's estate are subject to redistribution to the other party, regardless of the party's gender. *See Buckner v. Buckner*, 120 N.H. 402, 415 A.2d 871 (1980). Once the article in question is found to be properly within a party's estate, the trial court has broad discretion in determining and ordering an equitable distribution of that property. *See id.; Grandmaison v. Grandmaison*, 119 N.H. 268, 401 A.2d 1057 (1979). The issue here is whether the defendant's military retirement pay is "part of the [defendant's] estate." *See* RSA 458:19.

The plaintiff has cited several cases from community property states in support of the proposition that military retirement benefits may properly be allocated between the parties in a divorce proceeding. Indeed, the general rule in community property states is that military retirement benefits are community property and subject to division between the parties upon their divorce. *See, e.g., Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975). One of the most illustrative, and most widely cited, cases discussing the underlying rationale for this rule in community property states is *In re Marriage of Fithian*, 10 Cal. 3d 592, 111 Cal. Rptr. 369, 517 P.2d 449 (1974), *cert. denied*, 419 U.S. 825, *reh. denied*, 419 U.S. 1060.

■ Because New Hamsphire is a common-law jurisdiction, however, the persuasive value of the holdings in community property states is at best limited. Moreover, recent amendments to federal law have raised serious questions as to whether any state can call federal retirement benefits "property" and distribute them among the parties in a divorce proceeding. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979); *Crawley v. Crawley*, 358 So. 2d 456 (Ala. App.), *cert. denied*, 358 So. 2d 458 (Ala. 1978) Whether federal law permits or prohibits the distribution of military retirement benefits as a property right in State court divorce proceedings is an issue we need not address because we hold that, as a matter of State law, those benefits may not be termed "property" and be distributed in a divorce order.

Military retirement pay lacks the following characteristics of property: cash surrender value, loan value, redemption value, lump sum value and value realizable after death. *Ellis v. Ellis*, 552 P.2d 506, 507 (Colo. 1976). Because it lacks these characteristics, it is difficult for us to conclude that it is part of the husband's estate. *See* RSA 458:19. Likewise, the court in Colorado, a common-law jurisdiction, *In re Marriage of Ellis*, 538 P.2d 1347 (Colo. App. 1975), has held that military retirement pay is not property, and therefore not subject to redistribution upon a divorce. *Ellis v. Ellis*, 552 P.2d 506 (1976); *accord Fenney v. Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976).

Distribution of property under RSA 458:19 is limited to property within the parties' estates and must be equitable. *See Heath v. Seymour*, 110 N.H. 425, 433, 270 A.2d 602, 608 (1970). Because military retirement benefits do not have value realizable after the husband's death, *Ellis v. Ellis supra*, the ability of the trial court to allocate them in an equitable division of property is most difficult. *See In re Marriage of Ellis*, 538 P.2d 1347, 1349 (Colo. App. 1975). If a husband should die shortly after the court's divorce order, a property division that appeared equitable at the time the order was entered could quickly become highly inequitable, leaving a wife with nothing upon her husband's death.

■ Although the court cannot allocate and distribute military retirement pay as part of a division of property, it may consider it as a relevant factor in making equitable support orders and property distributions. *See Fowler v. Fowler*, 116 N.H. 446, 450, 362 A.2d 204, 207 (1976). *See also Cose v. Cose*, 592 P.2d 1230, 1232–33 (Alaska 1979) (*Matthews*, J., concurring); *Rickman v. Rickman*, 124 Ariz. 507, 605 P.2d 909 (Ariz. App. 1980). We also note that

the court should consider all relevant factors, *Comer v. Comer*, 110 N.H. 505, 507, 272 A.2d 586, 587 (1970), and this includes all of the assets and income sources of *both* parties, such as wages, pensions, bank certificates, etc. *Thayer v. Thayer*, 119 N.H. 871, 409 A.2d 1326 (1979).

The next issue is whether the defendant's military retirement pay may be paid directly to the plaintiff from the United States Air Force accounting office pursuant to a court order for enforcement of support orders.

Since January 1, 1975, monies payable by the United States to any individual are subject to process to enforce that individual's legal obligations to provide child support or make alimony payments. 42 U.S.C. § 659 provides in pertinent part as follows:

> "Enforcement of individual's legal obligations to provide child support or make alimony payments— United States and District of Columbia to be subject to legal process
>
> (a) Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from . . . to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to legal process brought for enforcement, against such individual of his legal obligations to provide child support or make alimony payments.
>
> Methods of service of legal process
>
> (b) Service of legal process brought for the enforcement of an individual's obligation to provide child support or make alimony payments shall be accomplished by certified or registered mail, return receipt requested, or by personal service, upon the appropriate agent designated for receipt of such service of process . . . ."

42 U.S.C. § 662 provides in pertinent part as follows:

> "For purposes of section 659 of this title— . . .
>
> (e) The term 'legal process" means any writ, order, summons, or other similar process in the nature of garnishment, which—
>
> > (1) is issued by (A) a court of competent jurisdiction

> within any State . . . or (C) an authorized official pursuant to an order of such a court of competent jurisdiction or pursuant to State or local law, and
>
> (2) is directed to, and the purpose of which is to compel, a governmental entity, which holds moneys which are otherwise payable to an individual, to make a payment from such moneys to another party in order to satisfy a legal obligation of such individual to provide child support or make alimony payments.
>
> (f) Entitlement of an individual to any money shall be deemed to be 'based upon remuneration for employment', if such money consists of—
>
> (2) periodic benefits (including a periodic benefit as defined in section 428(h)(3) of this title) or other payments to such individual under the insurance system established by subchapter II of this chapter or any other system or fund established by the United States (as defined in subsection (a) of this section) which provides for the payment of pensions, retirement or retired pay, annuities, dependents or survivors' benefits, or similar amounts payable on account of personal services performed by himself or any other individual . . . ."

The code does not exclusively "permit enforcement of *garnishment writs* through the legal processes of the various states" (emphasis added). It does not compel the use of garnishment proceedings to reach such funds but rather provides that any "order" issued by a court of competent jurisdiction shall suffice and shall be honored. The statute in effect removes the bar of sovereign immunity and is intended to provide simple and uncomplicated access to such federal monies. This interpretation is consistent with the intent of Congress. "In 1975, Congress made an exception to § 231m [45 U.S.C.] and similar provisions in all other federal benefit plans. Concerned about recipients who were evading support obligations and thereby throwing children and divorced spouses on the public dole, Congress amended the Social Security Act by adding a new provision, § 459, to the effect that, notwithstanding any contrary law, federal benefits may be reached to satisfy a legal obligation for child support or alimony. 88 Stat. 2357, 42 U.S.C. § 659." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 576 (1979).

■ Due to the overriding congressional intent that recipients of federal benefits not be allowed to avoid their duties of support

toward their families and thereby place them on the "public dole", we hold that the trial court had authority to order direct payments to be made from the defendant's military retirement benefits to the plaintiff for the support of herself and the children. We also note that our own State statute, RSA ch. 458, contains language permitting the courts in this State to enter such orders and to issue such process as may be necessary for their enforcement. *See* RSA 458:14, :16 (Supp. 1979), :17 (Supp. 1979), :18, :19, :31 (Supp. 1979), :33, :34, :35, :35-a (Supp. 1979).

The remaining issues raised by the defendant relate to the court's dismissal of his cross-libel, the limitation of testimony concerning the plaintiff's refusal to cohabit, the order requiring him to pay the parties' 1978 tax liability and the amount the court ordered him to pay for child support.

■ In divorce proceedings, the trial court has broad discretion over the admission of evidence. *Twomey v. Twomey*, 116 N.H. 29, 351 A.2d 66 (1976). It is also true that the intent of the irreconcilable differences statute, RSA 458:7-a, was to "minimize the acrimony attending divorce proceedings" and that once irreconcilable differences have been pled and established, the introduction of fault evidence in respect to alimony could defeat that intent. *Murphy v. Murphy*, 116 N.H. 672, 673, 366 A.2d 479, 481 (1976). However, in *Murphy* both the libel and cross-libel alleged irreconcilable differences, a new cause for divorce after the August 29, 1971, effective date of RSA 458:7-a. The original thirteen grounds for divorce remain in the statutes and have never been repealed. RSA 458:7. *See generally* Anderson, *New Hampshire's Divorce Reform Act of 1971*, 13 N.H.B.J. 158 (1972). Thus

> "New Hampshire in adopting 'no fault' divorce has not prohibited by statute in all cases fault as a factor to be considered in determining property division and support payments. *Murphy, supra* at 673."

■■ The cross-libel in this case alleged failure to cohabit for nine years, *see* RSA 458:7 IX, and the plaintiff admitted such a failure for at least three years. While a spouse may be awarded alimony and a property settlement even if at fault, *Janvrin v. Janvrin*, 59 N.H. 23 (1879), fault is a relevant factor to be considered by the trial court in making such awards. *Comer v. Comer*, 110 N.H. 505, 508, 272 A.2d 586, 587 (1970). It was error to dismiss the cross-libel and to limit inquiry into such aspects of the

marriage. Finally, we note once again that the trial court has broad discretion in determining matters of property distribution, alimony and child support. *Hunneyman v. Hunneyman*, 118 N.H. 652, 392 A.2d 147 (1978). Under this standard, we cannot rule as a matter of law that it was an abuse of discretion for the court to order the defendant to pay the parties' 1978 federal tax liability.

The case is remanded to the trial court for further proceedings consistent with this opinion.

*Remanded.*

All concurred.