Elizabeth GLASS, Plaintiff
and Appellant,

v.

James C. GLASS, Defendant
and Appellee.

Civ. No. 10518.

Supreme Court of North Dakota.

Feb. 23, 1984.

Wegner, Fraase, Nordeng & Johnson, Fargo, for plaintiff and appellant; argued by Craig E. Johnson, Fargo.

Holand, Gray, Lochow & Sortland, Fargo, for defendant and appellee; argued by Paul A. Sortland, Fargo.

PEDERSON, Justice.

The only issue before this court on this appeal is whether or not a finding of fact is clearly erroneous because it finds that the present value of a teacher's retirement annuity is less than that agreed upon by the parties. We hold that the finding of fact is clearly erroneous and that the whole question of equitable property division in this case must be retried.

Elizabeth Glass sued James C. Glass for a divorce. The matter was referred to a referee where all issues were settled except property distribution. It appears that the trial court heard testimony on January 28, February 1, and June 9, 1983, but the significant issue was not developed until the post-trial motion for amendment of the findings was made. A document was introduced at trial as an exhibit, signed by counsel for each party and labeled "Property Listing Pursuant To Rule 8.3 Of The North Dakota Rules of Court."

Among numerous other items, the "listing" identified four annuities as follows:

1. Teachers Insurance and Annuity Association—College Retirement Equities Fund (TIAA–CREF) — $54,514.50
2. Flexible Premium Retirement Annuity (Protective Life Insurance Company) — 9,100.00
3. Elizabeth's Tax Sheltered City Annuity — $3,300.00
4. Elizabeth's Inherited Tax Sheltered Annuity — 6,900.00

Rule 8.3, NDROC provides:

"In all contested divorce cases the parties and their attorneys, prior to trial,

shall jointly prepare a complete listing of their property and debts. The parties shall then assign values to the property either as an agreed value or if not agreed a plaintiff's estimate and defendant's estimate. The document must be dated and signed by both attorneys and plaintiff and defendant. It must be filed with the clerk of court at least one day prior to trial."

We believe that counsels' failure to comply with Rule 8.3, NDROC contributed significantly to the confusion in this case and resulted in misleading the trial court.

There were four annuities, not just the TIAA–CREF annuity. James was awarded the TIAA–CREF annuity and the Flexible Premium Retirement Annuity and Elizabeth was awarded the other two. If the dollar amounts shown on the "listing" were agreed values, there was no reason to introduce evidence in contradiction thereto. Nevertheless, James testified on one occasion that the TIAA–CREF was worth $54,514.50 only if he were to die and, on another occasion, he testified that if he were to withdraw the funds he would receive only a return of his contribution, $17,159.30. Neither figure may be a reliable indicator of the present value for the purpose of equitably dividing a marital estate. The trial court found that the present value of the annuity was $25,000, and James now argues in support of that finding, even though he had not introduced any evidence in support thereof.

The parties stipulated pursuant to Rule 10(b), NDRAppP that only those portions of the testimony relating to TIAA–CREF need be transcribed and submitted; we find no testimony therein which provides any support for the finding that this annuity should be valued at $25,000.

■ It is elementary that a finding of fact which is without substantial evidentiary support is clearly erroneous. Rule 52(a), NDRCivP; *Alumni Ass'n of Univ. v. Hart Agency, Inc.*, 283 N.W.2d 119 (N.D.1979).

Section 14–05–24, NDCC imposes upon trial courts in divorce cases a duty to make "equitable distribution of the real and personal property of the parties," and to require the support of children as well as "suitable allowances" for spousal support (alimony). We have often attributed great significance to finding values of the property when evaluating the equitableness of a property division. *E.g., Nastrom v. Nastrom*, 262 N.W.2d 487, 491 (N.D.1978).

This case may illustrate an instance of "property of the parties" that is impossible to evaluate for equitable distribution purposes. The subject is annotated at length in 94 ALR3d 176 "Pension Rights—Division on Dissolution." See also the recent Massachusetts case of *Dewan v. Dewan*, 17 Mass.App. 97, 455 N.E.2d 1236 (1983), describing some additional aspects of the problem.

Some jurisdictions have determined, for various reasons, that nonvested pension rights are not marital property and cannot be divided. See *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981); *In re Marriage of Camarata*, 43 Colo.App. 317, 602 P.2d 907 (1979); *Fenney v. Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976); *Baker v. Baker*, 120 N.H. 645, 421 A.2d 998 (1980).

This court held in *Webber v. Webber*, 308 N.W.2d 548 (N.D.1981), that where a military retirement plan cannot be included in the marital estate, the trial court should consider awarding future payments in lieu of a distribution of property. Although Minnesota has a statute which implies that only vested pension rights are marital property, its Supreme Court recently concluded that nonvested pensions are also marital property, and prescribed a rule for the equitable distribution of property rights which are difficult or impossible to evaluate—ordering apportionment of the future benefits only if and when such benefits are paid. *Janssen v. Janssen*, 331 N.W.2d 752, 756 (Minn.1983); *Taylor v. Taylor*, 329 N.W.2d 795 (Minn.1983).

Unless the Glasses can agree upon present values of the annuities for distribution purposes (assuming that neither side will want to waste the entire estate in

appraisal battles), it may be necessary to divide one or more of the annuities pursuant to a formula that requires both to share in the ultimate benefits and risks that are involved.

Counsel for James, in his brief to this court, states that Elizabeth has accepted substantial benefits under the judgment in this case, and thus has waived her right to appeal. James's affidavit is attached and avers that Elizabeth's counsel wrote his (James's) counsel requesting the execution of a warranty deed. He further alleges that he did not execute the warranty deed but returned, instead, a quit claim deed. Elizabeth responds by a statement that the quit claim deed is not fully executed and involves property which is not in dispute.

■ This court prefers to make determinations of disputes on their merits. *LeFevre Sales, Inc. v. Bill Rippley Const.*, 238 N.W.2d 673 (N.D.1976). James has not clearly established waiver of right of appeal under the guidelines established over the years from *Tyler v. Shea*, 4 N.D. 377, 61 N.W. 468 (1894) to *Geier v. Geier*, 332 N.W.2d 261 (N.D.1983). The motion to dismiss the appeal is denied.

The judgment is reversed to the extent that it involves property distribution. The case is remanded for a retrial of that issue only. Neither party is awarded costs on appeal.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.