## Robert E. HEINZMAN, Plaintiff and Appellant,

v.

## John Freeman HOWARD and Mary Jean Howard, Husband and Wife, and the State Bank of Alcester, A Corporation, Defendants and Appellees.

### No. 14702.

Supreme Court of South Dakota.

Considered on Briefs March 8, 1985.

Decided April 17, 1985.

Michael J. McGill, Beresford, for plaintiff and appellant.

Charles B. Haugland, Alcester, for defendants and appellees.

WUEST, Acting Justice.

This appeal involves the distribution of insurance proceeds remitted to the trial court upon the destruction of real property which was the subject of an action to foreclose on a contract for deed. We reverse.

The matter was originally before this court in *Heinzman v. Howard*, 348 N.W.2d 147 (S.D.1984) (*Heinzman I*), and the facts are set out in detail therein. Briefly, Robert Heinzman (vendor), purchased fire and casualty insurance on the premises in question in April of 1982. Vendor brought an action to foreclose on a contract for deed against John and Mary Howard (vendees), and to set aside as fraudulent their quitclaim conveyance to the State Bank of Alcester (Bank). In the midst of litigation, a fire caused by lightning destroyed the residence, and pursuant to a stipulation by the parties, the insurer remitted to the trial court the sum of $19,750.

In *Heinzman I,* we held, inter alia, that the insurance proceeds constituted "a trust fund to be credited to the purchase price of the property for the benefit of the vendees." 348 N.W.2d at 149. On remand, the trial court interpreted this statement to mean that such proceeds should be treated as a strict trust fund to be placed in an account, with the interest and principal thereof generating a series of monthly contract for deed payments, until the contract is amortized. Vendor appeals from the trial court's order, arguing that this court intended that he receive the insurance proceeds outright, as a prepayment and credit on the contract, and that the trial court erroneously required a series of $130 contract payments rather than order payment of the entire amount to him. We agree.

When we stated in *Heinzman I* that the insurance proceeds in the instant action constituted a trust fund for the benefit of the vendees, we meant that such funds constituted a "constructive trust." A "constructive trust" is imposed not because of the intentions of the parties, but, rather, as a remedial device of equity for the restoration of the status quo. It arises when a person owning title to property is under an equitable duty to convey to another because he would be unjustly enriched if

he were permitted to retain it. *Knock v. Knock,* 80 S.D. 159, 120 N.W.2d 572 (1963).

■ Where, as in the instant case, the vendee as equitable owner bears the loss occasioned by the destruction of the residence pending full execution of a conditional sale, and the contract is silent as to the insurance, the rule quite generally followed is that the proceeds of the vendor's insurance policy, even though the purchaser did not contribute to its maintenance, constitutes a trust fund for the benefit of the purchaser. 77 Am.Jur.2d *Vendor and Purchaser* § 371 (1875).

In *Gillingham v. Phelps,* 5 Wash.2d 410, 105 P.2d 825 (1940), a case factually analogous to the instant action, the Washington Supreme Court held that the proceeds of the fire policy in question would first be applied to the balance due on the purchase price of the property, and the remainder would be turned over to the buyers on the theory that the beneficiaries of the policy held it in constructive trusteeship for the buyers. *See also Geranios v. Annex Investments, Inc.,* 45 Wash.2d 233, 273 P.2d 793 (1954); *Pruitt v. Meyer,* 2 Wash.App. 14, 467 P.2d 364 (1970).

As to this, Couch on Insurance 2d § 29:109 states:

Where the conditional vendor is entitled to the proceeds he must apply them to the discharge of the purchase price, as the risk of loss between the party to the sales contract is on the vendee. Accordingly, with respect to the proceeds of insurance on personalty conditionally sold where title had passed to the buyers but part of the purchase price remained unpaid, it was held that the proceeds paid to the seller should first be applied on the unpaid purchase price and the remainder should be turned over by her as constructive trustee to the purchasers.

■ While we are dealing with real property and not personalty in the instant action, the distinction is of no moment. We hold that the insurance proceeds in the instant action should be credited toward the purchase of the property in question.

Accordingly, the trial court's decision on this issue is reversed.

All the Justices concur.