**Bernadette L. STEMPER, Plaintiff and Appellee,**

v.

**Kenneth C. STEMPER, Defendant and Appellant.**

**No. 15232.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1986.

April 1, 1987.

---

John L. Morgan of Morgan, Theeler, Cogley, Padrnos & Tucker, Mitchell, for plaintiff and appellee.

John R. Steele of Steele Law Office, P.C., Plankinton, for defendant and appellant.

MOSES, Circuit Judge.

This appeal arises from a decree of divorce terminating the marriage between Bernadette L. Stemper (Bernadette) and Kenneth C. Stemper (Kenneth). Kenneth appeals from those portions of the decree dividing the property and awarding alimony. We affirm in part and reverse in part.

Bernadette and Kenneth were married on November 10, 1956. At the time of the marriage, both were nineteen years of age and high school graduates. They had little or no property. At the time of the trial in this matter, Bernadette was employed by the Unified Judicial System as a deputy

clerk of courts in Davison County. Kenneth was employed as a United Parcel Service driver. Bernadette sued Kenneth for divorce. The trial court granted her the divorce.

The trial court divided the property by having the house sold and the proceeds divided equally between the parties. Bernadette received furniture and appliances valued at $1,500. The trial court awarded Bernadette one-half of Kenneth's savings account and one-third of the value of Kenneth's United Parcel Service Thrift Plan. As a part of the division of the property, the trial court also awarded Bernadette $9,862, which constituted one-third of Kenneth's pension plan. The trial court found that the pension plan had a present value of $25,585. The trial court further awarded Bernadette $600 per month alimony for her lifetime. She was also awarded $2,000 for attorney fees.

Kenneth contends that the trial court abused its discretion by awarding one-third of his pension plan to Bernadette. He further contends that the trial court abused its discretion in awarding alimony.

■■■■ The trial court has broad discretion in awarding alimony and making a property division, and its judgment will not be set aside unless it clearly appears that it abused its discretion. *Goehry v. Goehry*, 354 N.W.2d 192 (S.D.1984). In order to determine whether the trial court has abused its discretion, this court reviews the award of alimony and property division together. *Booth v. Booth*, 354 N.W.2d 924 (S.D.1984).

■ The United Parcel Service has a non-contributory pension plan which is vested if an employee is employed for at least ten (10) years with twenty or more weeks of pension contributions for each year. It appeared from the evidence that Kenneth had worked for the United Parcel Service nine years. Kenneth alleges that he is therefore not vested. The trial court found that he was vested.[1] We cannot say the trial court abused its discretion in finding the pension of Kenneth was vested.[2]

---

1. Pension plans and retirement plans have been a frustration for the court for several years. Each pension plan is different and each is based on different factors.

   A *vested pension* or retirement plan refers to a pension right which is not subject to a condition of forfeiture if the employment relationship terminates before retirement. In other words, it is a right which survives the voluntary or involuntary termination of the employee. A person whose employment is terminated and whose pension plan is not vested only receives money which he paid into the plan. A *matured pension* is one to which the employee has an unconditional right to immediate payment. Thus, a person may be vested but not yet matured and in that case the party would have no right to immediate payment of the pension benefits. Vested but matured pensions may be forfeited if the employee does not survive until retirement, if the plan so provides. *See* Note, *Pensions as Property Subject to Equitable Division upon Divorce in Oklahoma*, 14 Tulsa L.J. 168, 182 n. 104 (1978). For an excellent annotation of cases relating to the issue of pension benefits and rights, and their disposition in marital dissolution proceedings, *see* Annot. 94 A.L.R.3d 176.

   The California Supreme Court in the case of *Phillipson v. Board of Administration*, 3 Cal.3d 32, 89 Cal.Rptr. 61, 473 P.2d 765 (1970), said that when feasible, the trial court should award the employee all pension rights and compensate his spouse with other property of equal value.

   The discussion was not intended to tie the hands of the trial court. However, the California court has expressed fear that to recognize an non-employee's spouse's vested interest in public pension rights before such spouse is entitled to payment would hamper modification of the pension plan to adapt to changing circumstances. *Benson v. City of Los Angeles*, 60 Cal.2d 355, 33 Cal.Rptr. 257, 384 P.2d 649 (1963); *Packer v. Board of Retirement of Los Angeles Co.*, 35 Cal.2d 212, 217 P.2d 660 (1950). The California Court held that a public employee's property interest in his pension rights does not prevent the public entity from modifying those rights so long as the modification does not result in a net disadvantage to the employee. By the same reasoning, recognition of the spouse's property interest should not bar a reasonable nondetrimental modification of the pension system. *See In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976).

2. We have not had an occasion to decide whether a nonvested, unmatured pension is marital property. Only the community property jurisdictions have expressly decided that nonvested, unmatured pensions are marital property. *See, e.g., In re Marriage of Brown, supra, Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976); *Wilder v. Wilder*, 85 Wash.2d 364, 534 P.2d 1355 (1975). Minnesota has reached the same result through statutory language. *See, e.g., Janssen v. Janssen,*

In South Dakota a retirement plan has been recognized as a divisible marital asset since it represents consideration in lieu of a higher present salary. *Stubbe v. Stubbe*, 376 N.W.2d 807 (S.D.1985); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979). Contributions made to the pension plan would have been available to the family as disposable income during the marriage. *Boyd v. Boyd*, 116 Mich.App. 774, 323 N.W.2d 553 (1982).

We find that dividing the retirement fund or pension plan as marital property at the time of the divorce in effect destroys Kenneth's future livelihood and means of complying with the alimony award. The trial court's error was further compounded because it considered the retirement fund, which was already a part of the property division, in awarding alimony out of Kenneth's future income or earning capacity. We find that the trial court correctly made a retirement or pension plan a part of the property division after reducing the amount of the pension or retirement plan to present value. But the trial court erroneously provided for payment of alimony based on that fund. Consequently, we reverse the trial court as to the alimony award and order its elimination.[3]

In handling a pension which has been reduced to present value, there should be a "constructive trust" on the amount of money to be paid. A "constructive trust" arises when a person owning title to property is under an equitable duty to convey to another because he would be unjustly enriched if he were permitted to retain it. *Knock v. Knock*, 80 S.D. 159, 120 N.W.2d 572 (1963); *Heinzman v. Howard*, 366 N.W.2d 500 (S.D.1985). Here, a constructive trust imposed on the $9,862 will allow

the money to be available to Bernadette when it matures for Kenneth upon his retirement.

Kenneth argues that the trial court erred by valuing the household furnishings, furniture, and appliances at $1,500 rather than his $10,000 valuation. We have said that the trial court is not bound by valuations testified to by the parties. Where valuations are not agreed upon, however, the parties should prepare to proceed with hard evidence. The trial court need only find a value within a reasonable range. *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980). This court does not set as a trier of fact and thus we will not attempt to place a valuation on any of the assets. The only time that this court will intervene is when the trial court has made a clearly erroneous valuation finding. *Kelley v. Kirk*, 391 N.W.2d 652 (S.D.1986). We do not find that the trial court has abused its discretion in the valuation of the furniture.

Kenneth also argues that the attorney fees allowed by the trial court to Bernadette are excessive.

We have held the allowance of attorney fees in a divorce action is a matter which rests with the sound discretion of the trial court. *See, e.g., Ver Meer v. Ver Meer*, 90 S.D. 351, 241 N.W.2d 571 (1976) and *Jameson v. Jameson*, 90 S.D. 179, 239 N.W.2d 5 (1976). In *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979), we said that:

[i]n determining the portion that should be paid by the husband, the trial court should consider the property owned by each party, their relative incomes, whether the wife's property is in liquid or fixed assets, whether the actions of the wife or

---

331 N.W.2d 752 (Minn.1983). We note with interest that the strongest authority against holding nonvested pension rights and marital property comes from Colorado. The reasoning for the result reached is that such rights have no cash surrender value, loan value, redemption value, lump sum value or value realizable after death. *Ellis v. Ellis*, 36 Colo.App. 234, 538 P.2d 1347 (1975); *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506, 507 (1976); *In re Marriage of Camarata*, 43 Colo.App. 317, 602 P.2d 907 (1979). Other

jurisdictions have followed this result. *See, e.g., Fenney v. Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976). *Baker v. Baker*, 120 N.H. 645, 421 A.2d 998 (1980).

3. May we suggest to the trial courts that when feasible they should consider awarding the employee all pension rights and compensate the spouse with other property of equal value.

of the husband unreasonably increased the time spent on the case.

284 N.W.2d at 28.

■ We conclude the trial court acted well within its discretion by awarding Bernadette attorney fees and costs. Her request for attorney fees for this appeal is denied.

We find Kenneth's remaining issues to be without merit.

HENDERSON, J., and FOSHEIM, Retired J., concur.

SABERS, J., and KONENKAMP, Circuit J., dissent.

MOSES, Circuit J., for WUEST, C.J., disqualified.

KONENKAMP, Circuit J., for MORGAN, J., disqualified.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

SABERS, Justice (dissenting).

The trial court did not abuse its discretion in awarding alimony of $600 per month. The amount of alimony to be awarded rests in the sound discretion of the trial court and this court will not interfere with such an award unless the same is based on a clear abuse of discretion. *See* e.g., *Cole v. Cole,* 384 N.W.2d 312, 315 (S.D.1986); *Straub v. Straub,* 381 N.W.2d 260, 261 (S.D.1986); *Stubbe v. Stubbe,* 376 N.W.2d 807, 808 (S.D.1985); *Goehry v. Goehry,* 354 N.W.2d 192, 194 (S.D.1984); *Krage v. Krage,* 329 N.W.2d 878, 879 (S.D. 1983); *Rykhus v. Rykhus,* 319 N.W.2d 167, 170 (S.D.1982); *Palmer v. Palmer,* 316 N.W.2d 631, 633 (S.D.1982); *Hanks v. Hanks,* 296 N.W.2d 523, 527 (S.D.1980). Such is the settled law of this State which Husband recognizes at page twelve of his brief.

In exercising its discretion, the trial court considered all of the relevant factors as required by *Guindon v. Guindon,* 256 N.W.2d 894, 898 (S.D.1977), generally as follows:

1. Length of marriage—29 years
2. Their respective earning capacity— Husband's annual gross income exceeds $32,000; Wife earns $14,000. Husband's pension plan is an employer contribution plan for which no deduction is taken from his earnings whereas Wife's State pension plan requires her personal contributions and deductions taken from her earnings. Husband's employer also maintains a thrift plan to which Husband contributes $6 weekly, which is invested for Husband by the employer. Another major difference exists in their respective health plans. They never used her State plan because Husband's plan "paid for everything, eyeglasses, teeth, emergency room, whatever, it paid 100 percent."
3. Respective financial condition after property division—Wife $24,251; Husband $28,232.
4. Their respective age, health, and physical condition—Both are approximately 50 years old and in good health and physical condition except for Husband's alcohol problem.
5. Their station in life or social standing—Trial court found no significant differences.
6. Relative fault of the parties and the termination of the marriage—Trial court found that the fault lay almost entirely with Husband.

Another important factor is the trial court's finding that the actual cost to Husband of the alimony payment of $600 per month would be 69 percent, or $414 per month based on the tax consequences as testified to by a certified public accountant.

Despite these reasoned considerations, the majority opinion concludes:

We find that dividing the retirement fund or pension plan as marital property at the time of the divorce in effect destroys Kenneth's future livelihood and means of complying with the alimony award. The trial court's error was fur-

ther compounded because it considered the retirement fund, which was already a part of the property division, in awarding alimony out of Kenneth's future income or earning capacity.

I have serious questions not only about this second sentence but wholly fail to see how the dividing of the retirement fund or pension plan as marital property "in effect destroys Kenneth's future livelihood and means of complying with the alimony award."

The majority opinion reverses the alimony award and orders its elimination. In my opinion, this is error and I dissent. I would affirm the trial court in all respects except only that I would impose a constructive trust on the present value of the pension rather than a judgment.

I am authorized to state that Circuit Judge Konenkamp joins in this dissent.