Kelly GOEHRY, Plaintiff and Appellee,

v.

Robert GOEHRY, Defendant and Appellant.

No. 13930.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1984.

Decided Aug. 29, 1984.

Craig D. Grotenhouse, Rapid City, for plaintiff and appellee.

Reed C. Richards of Richards & Richards, Deadwood, for defendant and appellant.

HENDERSON, Justice.

This is a civil appeal arising from a judgment and decree of divorce entered nunc pro tunc July 13, 1982. Findings of fact and conclusions of law were formally entered after trial to the court. We affirm the alimony award and an award of attorney fees but reverse and remand on the

property division, holding there was error below.

After twelve years of marriage, Kelly Goehry, plaintiff-appellee (hereinafter, wife) and Robert Goehry, defendant-appellant (hereinafter, husband), filed petition, answer and counterclaim seeking divorce on the basis of extreme mental cruelty. Upon those grounds, both were awarded a divorce.

Wife was awarded the family home, a Subaru automobile and one-half of the personal property acquired during marriage. Husband was awarded the family business known as Bokels Quality Interiors, an automobile, and one-half of the personal property. In addition, husband was ordered to pay wife $400 per month as alimony and to pay all of wife's attorney fees.

By this appeal and briefs, we are confronted with several issues not uncommon to cases of this nature: (1) Did the trial court err in its valuation of property; (2) did the trial court totally ignore the inheritance of husband when making a property division; (3) was the award of alimony an abuse of discretion; (4) should attorney fees have been allowed the wife; and (5) did the property division encompass error to such extent that it constituted an abuse of discretion?

Husband asserts the trial court abused its judicial discretion in the sum awarded wife as alimony, in awarding wife reasonable attorney fees, and in the property division in general. He insists he has been the major contributor to the property acquired during marriage and that the property was not distributed equitably.

At the outset, we reflect that we have historically held that a trial court has broad discretion in these matters and the determination of the trial court will not be set aside or modified unless it clearly appears there was an abuse of discretion. *Palmer v. Palmer,* 316 N.W.2d 631, 633 (S.D.1982). Though the trial court's discretion is broad, it is not an uncontrolled discretion. It must be soundly and substantially based upon the evidence. *Owen v.*

*Owen,* 351 N.W.2d 139 (S.D.1984). The trial court's award of alimony and the division of property *are considered together* on appeal to determine whether the trial court abused its discretion. *Krage v. Krage,* 329 N.W.2d 878, 879 (S.D.1983) (emphasis supplied); *Wallahan v. Wallahan,* 284 N.W.2d 21 (S.D.1979); *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979). Factors to be considered in dividing marital property in divorce proceedings and awarding alimony are: The duration of the marriage; the ages of the parties; their state of health and their competency to earn a living; the value and income-producing capacity of the property of each party; and the contribution of each party to the accumulation of the property. *O'Connell v. O'Connell,* 340 N.W.2d 700 (S.D.1983). In *Krage,* this Court listed an additional consideration for alimony, for we declared: "In addition to the factors considered in making a property division, an alimony award is also based upon the respective financial conditions of the parties after the property division and their standard of living." 329 N.W.2d at 879.

The Goehrys had been married twelve years. No children were born into the marriage. At the time of trial, wife was fifty-nine years of age and husband was sixty-one. Wife had a high school education and nearly two years of college. She had worked as a telephone operator and bookkeeper. The trial court found that wife was in poor physical health, requiring some medical attention; husband had good business acumen, thereby possessing some income-producing capability.

The trial court further found, upon the evidence, that neither party had come to the marriage with a great deal of property. The trial court acknowledged that husband had invested a substantial portion of an inheritance into the homestead, but the trial court nevertheless found that the home had been acquired through mutual efforts. This was likewise determined with respect to the personal property of the parties. In addition, though there is some conflict in the testimony as to how hard wife continued to work toward the family business

once established, it was found, with evidence justifying such finding, that Bokels Quality Interiors had been acquired through the joint efforts of the parties.

Under these circumstances, there would seem to be no abuse of discretion in dividing the property approximately in half to equitably serve these individuals.

■ As to the alimony award, it should first be noted that subsequent to this appeal, the trial court modified its alimony award to $325.* Further, it is quite clear that husband has the greater income-producing capacity; his health, his ability to earn a living, and his business all verify this fact. While wife has a home, she is unable to work at this time and is in poor health. Again, the trial court's findings are not a clear abuse of discretion with regard to alimony and, thus, will not be set aside. *Krage, supra.*

■ The trial court awarded wife reasonable attorney fees in an undetermined amount. "The trial court may allow attorneys' fees to a wife in a divorce action 'where the allowance of the same before or after judgment shall seem warranted and necessary to the court.'" *Wallahan,* 284 N.W.2d at 27–28. The factors for determining such an award are not much different than those stated above. The trial court, in making its decision, must look at "the property owned by each party, their relative incomes, whether the moving party's property is in fixed or liquid assets, and whether either party unreasonably increased the time spent on the case." *Johnson v. Johnson,* 300 N.W.2d 865, 870 (S.D. 1980).

■ Neither party acted to thwart the efforts of the other in pursuing divorce, so that is not at issue. As stated, the trial court noted that wife has no present income and no ability to produce income in the near or distant future. Also, the court found that wife's awarded assets are fixed, not liquid. This, together with the factors previously discussed, makes it appear that

an award of attorney fees to wife was not unreasonable. "An award of attorney fees and costs rests in the sound discretion of the trial court." *Rykhus v. Rykhus,* 319 N.W.2d 167, 171 (S.D.1982). That discretion was not abused. Therefore, the trial court should be upheld.

■ In 1979, husband received a $64,000 inheritance from his mother. A large portion of this sum, $57,000, was invested in the family home. The remainder was used for living expenses by the litigants. Husband urges that the sum of $64,000 should be subtracted from the total amount of the property to be equitably divided between the parties and that the trial court erred in not taking this inheritance into consideration. The rule is plain that "although the trial judge should consider the fact that the defendant inherited certain property, he is not bound to set it aside for the defendant and may consider it as part of the property to be divided. [SDCL 25–4–44] is specific that title does not control the distribution of the property in a divorce action." *Clement v. Clement,* 292 N.W.2d 799, 801 (S.D.1980). Finding of Fact XIX was a simple declaration that husband "received as an inheritance from his mother the sum of $64,768.14 in the year of 1979." Considering this statement and Finding of Fact IX that "Tollgate Flats is the party's homestead and was acquired through the mutual efforts of the parties", it becomes apparent that the trial court reflected upon and took into consideration husband's inheritance.

■ Though we do find a conceptual division of the marital property in equal shares to be fair under the circumstances of this case, we do not find the property was, in actuality, so divided. Husband claims the trial court erred in concluding that the business, Bokels Quality Interiors, has accounts receivable of $15,113, when in fact husband's Exhibit F and his testimony establishes this figure as accounts payable and not receivable. This is uncontroverted

---

* We acknowledge Finding of Fact XII which notes the declining business of Bokels Quality Interiors and that "appellant has had to live on assets accumulated from previous years."

by the record and amounts to an approximate $30,000 equitable misapprehension of the parties' assets. Therefore, the trial court's ultimate award was distorted. We note that "[e]xactitude is not required of the trial court in the valuation of assets in a dissolution proceeding; it is only necessary that the value arrived at lies within a reasonable range of figures." *Hanks v. Hanks,* 296 N.W.2d 523, 526 (S.D.1980). The trial court's error has plainly resulted in a $30,000 differential in the value of assets awarded to husband and those awarded to wife. We view the scales of the property division now tipping heavily towards wife. We therefore must reverse and remand this case for a reevaluation of the property value figures in the marital estate. Once completed, a new property division award should be determined "on the basis of the material factors in the case, having due regard for equity and the circumstances of the parties." *Johnson,* 300 N.W.2d at 868. The amount of reasonable attorney fees should then be declared at that time.

The judgment is affirmed as to the alimony award and the general grant of attorney fees. We reverse and remand for the practical achievement of a fair property division and a redistribution of the marital assets.

All the Justices concur.