Lois BOOTH, Plaintiff and Appellant,

v.

Dale E. BOOTH, Defendant
and Appellee.

Nos. 14079, 14103.

Supreme Court of South Dakota.

Argued Oct. 27, 1983.

Decided Sept. 20, 1984.

Charles L. Dorothy of Dorothy & Schlimgen, Sioux Falls, for plaintiff and appellant.

Lee R. Burd, Sioux Falls, for defendant and appellee.

WOLLMAN, Justice.

This is an appeal by Lois Booth (appellant) from the property division and alimony portions of the judgment granting her a divorce from Dale Booth (appellee), who has filed a notice of review challenging the award to appellant of certain corporate stock. We affirm the judgment in its entirety.

The parties were married on October 29, 1976. Both parties had been married previously. Appellant had been divorced for a number of years; appellee had been divorced from his wife of twenty-seven years only a few months before he married appellant, a divorce that left appellee obligated to pay some $32,000.00 a year to his former wife in the way of alimony and other financial support. Appellant and appellee had been living together for approximately two years before the marriage. During this time they drank heavily and traveled frequently. Their travels included trips to Las Vegas during which they indulged in high stakes casino gambling. This pattern of heavy drinking, traveling, and gambling continued throughout the marriage. Although appellant claimed to have obtained some control over her drinking after 1980, the trial court found that appellant was still habitually intemperate. Appellee acknowledged at trial that he had had a continuing problem with alcohol.

Appellant testified that appellee had been guilty of numerous acts of violence towards her, including an incident in which he allegedly struck her in the face with a glass of milk, causing her teeth to be pushed against the roof of her mouth. The trial court did not find this to be a fact, however, and found only that appellee had on one occasion kicked appellant in the buttocks.

Appellee acknowledged at trial that he had become involved in an adulterous relationship with another woman late in his marriage to appellant. Although appellant denied any adulterous relationship, she did acknowledge that the boyfriend of the woman whom appellee was seeing had come to her home late one night and had remained until morning and that she had had dinner out of town with him.

Prior to her marriage to appellee, appellant, who was 48 years of age at the time of trial, December 1982, had had several different types of employment, including serving as a bartender and catering manager, doing general office work for a stock brokerage firm, and doing general office work as a secretary for an insurance agency.

Appellee, who was 54 years of age at the time of trial, has spent all of his adult life developing an egg and pullet production business, which he presently operates as two Subchapter S corporations.

No children were born of the marriage.

At appellee's request, appellant gave up her employment following the marriage in order to devote full time to her duties as a housewife and in helping to entertain appellee's business friends. The trial court found that in addition to performing these duties, appellant's contribution to appellee's business consisted of working a week or two on one occasion in helping to clean a chicken house, in filling in for a few days for absent office help, and in spending a week or two cleaning and painting a former office. The trial court specifically found that appellant's behavior while intoxicated at appellee's office and while enter-

taining appellee's business associates and customers had had an adverse effect upon appellee's businesses.

The trial court found that the parties owned property having a value of approximately $1.6 million at the time of the divorce. The bulk of this property consisted of appellee's interest in the egg and poultry businesses, the value of which had increased by approximately $100,000.00 during the course of the marriage. Plaintiff brought approximately $2,500.00, consisting of various common stocks, to the marriage.

The trial court awarded appellant cash, securities, jewelry, and personal property having a value of some $48,000.00. In addition, the trial court ordered appellee to pay $3,200.00 towards appellant's attorney fees in addition to the $1,750.00 he had previously been required to pay.

The trial court ordered appellee to pay alimony to appellant in the amount of $600.00 per month for a period of fifteen months to aid appellant in the refreshing and retraining necessary to update her job skills.

In making an equitable division of property in a divorce action, the trial court is bound by no mathematical formula. *See, e.g., Owen v. Owen*, 351 N.W.2d 139 (S.D. 1984); *Wolff v. Wolff*, 349 N.W.2d 656 (S.D. 1984); *Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601 (1958). Rather, the trial court must take into consideration the duration of the marriage, the value of the property owned by the parties, the ages of the parties, the health of the parties, the competency of the parties to earn a living, the contribution of each party to the accumulation of the property, and the income-producing capacity of the property owned by the parties. *See, e.g., Owen v. Owen, supra; Wolff v. Wolff, supra; Watt v. Watt*, 312 N.W.2d 707 (S.D.1981); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979).

Our trial courts have broad discretion in dividing property, and we will not modify or set aside a division of property unless it clearly appears that the trial court abused its discretion. *Id.*

When viewed against the foregoing principles of law, we cannot say that the trial court abused its discretion in dividing the property as it did in the case before us. The trial court entered specific findings with respect to each of the seven factors set forth above in reaching its decision regarding the division of property. After reviewing the record, we cannot say that any of these findings are clearly erroneous. *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

Without question, this was a short marriage. Although the total value of the assets was considerable, the trial court correctly found that the bulk of these assets were brought to the marriage by appellee. Appellant brought little by way of money or property to the marriage and contributed little to the accumulation or increase in value of the parties' property during the marriage. Indeed, as pointed out above, the trial court found that appellant's conduct had had a negative effect upon appellee's businesses.

The trial court found that both parties were in good health. The trial court specifically rejected as greatly exaggerated appellant's claim that she was disabled and unable to work by reason of arthritis, setting forth in detail its reasons for finding as not credible appellant's testimony regarding her physical condition.

With respect to the income-producing capacity of the assets assigned to each of the parties, it goes without saying, of course, that the income likely to be generated by the share of the assets awarded to appellee will greatly exceed that generated by appellant's share of the property. Given the short duration of the marriage, however, and appellant's capacity to earn an adequate income in her own right, we conclude that the disparity in the income-producing capacity of the parties' separate assets

alone does not render the trial court's division inequitable. The trial court took into account, and properly so, the substantial payments that appellee was required to make under the terms of the divorce decree that ended his first marriage.

In summary, then, in view of the fact that there is an adequate basis in the record to support each of the trial court's findings regarding the division of property, and because it quite clearly appears that the trial court took into account all of the pertinent factors in making that division, we cannot say the trial court abused its discretion in dividing the property.

We turn, then, to the question of alimony. In *Guindon v. Guindon,* 256 N.W.2d 894, 898 (S.D.1977), we held that

[t]he amount and length of alimony payments is therefore left to the discretion of the trial court. SDCL 25-4-41. The factors for consideration in exercising that discretion are similar to those used in the property division, i.e., (1) the length of the marriage; (2) their respective earning capacity; (3) their respective financial condition after the property division; (4) their respective age, health and physical condition; (5) their station in life or social standing; and (6) the relative fault of the parties in the termination of the marriage.

In *Hanks v. Hanks,* 296 N.W.2d 523 (S.D. 1980), we adhered to the foregoing holding in *Guindon* and noted that although no longer generally a factor in making a division of property, the relative fault of the parties continues to be a consideration in making an award of alimony.

■ In addition to considering the factors set forth in *Guindon* and *Hanks,* we review the division of property and the award of alimony together in determining whether the trial court has abused its discretion in making the alimony award. *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979). *See also Goehry v. Goehry,* 354 N.W.2d 192 (S.D.1984); *Krage v. Krage,* 329 N.W.2d 878 (S.D.1983); *Palmer v. Palmer,* 316 N.W.2d 631 (S.D.1982); *Wallahan v. Wallahan,* 284 N.W.2d 21 (S.D.1979).

■ The trial court appears to have carefully taken the *Guindon, Hanks,* and *Lien* factors into consideration in making its award of alimony. As indicated above, the trial court granted appellant divorce based upon the fault of appellee. The trial court also specifically found, however, that appellant had been guilty of nearly equal fault by reason of her intemperance. As indicated above, the trial court rejected as not credible much of appellant's testimony regarding her alleged health problems. In this regard, it should be noted that the trial court drafted and signed its own additional findings of fact and conclusions of law after receiving and adopting, with some modifications, those prepared by appellee's counsel. In these additional findings and conclusions the trial court specifically stated that although believable in part, appellant's testimony was evasive in many respects, including that portion regarding her medical condition.

As with its findings regarding the division of property, we are satisfied that the trial court's findings with respect to the factors bearing upon an award of alimony are amply supported by the evidence in the record. Accordingly, we conclude that the trial court did not abuse its discretion in concluding that an award of $600.00 per month alimony for a period of fifteen months would be adequate to rehabilitate appellant with respect to her ability to secure appropriate employment.

■ Appellee's notice of review challenges the trial court's award of $4,000.00 of the $14,400.00 worth of certain stock that appellee had purchased out of money inherited from his father's estate during the course of the marriage. This contention is without merit. As we said in *Clement v. Clement,* 292 N.W.2d 799 (S.D.1980), although our trial courts are to consider the fact that one of the parties inherited certain property, the trial court is not

bound to set such property aside to that party and may consider it as part of the property to be divided. *See also Laird v. Laird,* 322 N.W.2d 254 (S.D.1982); *Balvin v. Balvin,* 301 N.W.2d 678 (S.D.1981); *Buseman v. Buseman,* 299 N.W.2d 807 (S.D.1980).

Appellant's motion for attorney fees on appeal is granted to the extent of $500.00.

The judgment is affirmed.

FOSHEIM, C.J., MORGAN and HENDERSON, JJ., and DUNN, Retired Justice, concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.