Bernadette L. STEMPER, Plaintiff and Appellee,

v.

Kenneth C. STEMPER, Defendant and Appellant.

No. 15232.

Supreme Court of South Dakota.

On Rehearing July 16, 1987.
Decided Nov. 4, 1987.

**160**

John L. Morgan of Morgan, Theeler, Cogley, Padrnos & Tucker, Mitchell, for plaintiff and appellee.

John R. Steele of Steele Law Office, P.C., Plankinton, for defendant and appellant.

MOSES, Circuit Judge.

This case is before us on a petition for rehearing which was dated and filed on April 21, 1987. We granted a rehearing pursuant to SDCL 15–30–4, concerning an opinion rendered in *Stemper v. Stemper*, 403 N.W.2d 405 (S.D.1987). The procedural and factual background is set forth therein in detail in the original opinion filed April 1, 1987.

Briefly recapitulating the facts, the parties were married on November 10, 1956. At the time of the marriage, both were nineteen years of age and high school graduates. They had little or no property. Plaintiff was employed at the time of the trial as a Deputy Clerk of Courts for the Unified Judicial System in Davison County, and defendant was employed as a United Parcel Service driver. The trial court granted plaintiff a divorce.

The trial court divided the property of the parties, awarded plaintiff an interest in defendant's pension plan, and granted plaintiff alimony in the amount of six hundred dollars ($600.00) for her lifetime or until she remarries.

The petition for rehearing seeks to review that portion of our decision which eliminated the alimony awarded by the trial court and a reconsideration of a constructive trust designation.

This Court affirmed the trial court as to the divided property and pension plan. However, we eliminated the alimony awarded by the trial court. On further review, we have determined that our total elimination of alimony was erroneous. The trial court's award of six hundred dollars ($600.00) per month alimony, however, was a clear abuse of discretion. We decline to review the constructive trust designation under our statutory purview as established by SDCL 15–30–5.

In initially reviewing this matter, this Court overlooked the legal point that defendant proposed in his findings of fact and conclusions of law, as well as a proposed judgment and decree of divorce, that:

Defendant shall pay alimony to Plaintiff in the amount of TWO HUNDRED DOLLARS ($200.00) per month until he retires, or the Plaintiff remarries....

By his proposed findings of fact and conclusions of law, defendant conceded below that two hundred dollars ($200.00) alimony per month is reasonable.

Judicial admissions are binding on the party who makes them. *Kempter v. Hurd*, 713 P.2d 1274 (Colo.1986); *Rosbottom v. Hensley*, 61 Ill.App.2d 198, 209 N.E. 2d 655 (1965); *Raverty v. Goetz*, 82 S.D. 192, 143 N.W.2d 859 (1966); 9 J. Wigmore, *Evidence* § 2590 (Chadbourn rev. 1981). There are nuances to this evidentiary rule, however. *Raverty*, 143 N.W.2d at 862–64. An admission of fact by an attorney is binding on that party. South Dakota Civil Pattern Jury Instruction No. 1.01–(5). A claim or theory not mentioned in the proposed findings of fact and conclusions of law is deemed abandoned. *Turley v. Union Carbide Corp.*, 618 F.Supp. 1438 (S.D. W.Va.1985).

We overlooked defendant's proposed finding when reviewing the record, and we limit our modification of the previous decision hereby allowing two hundred dollars ($200.00) per month alimony. Judgment, as so modified, is affirmed.

HENDERSON, J., and FOSHEIM, Retired Justice, concur.

SABERS, J., and KONENKAMP, Circuit Judge, concur in result.

MOSES, Circuit Judge, sitting for WUEST, C.J., disqualified.

KONENKAMP, Circuit Judge, sitting for MORGAN, J., disqualified.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

SABERS, Justice (concurring in result).

I concur in the result of this modification. In all other respects I stand on the position stated in my dissent in *Stemper v. Stemper*, 403 N.W.2d 405, 409–10 (S.D. 1987).

I am authorized to state that KONENKAMP, Circuit Judge, joins in this concurrence in result.