LaVonne Marie GIBSON, Plaintiff
and Appellant,

v.

Glenn Dale GIBSON, Defendant
and Appellee.

No. 16163.

Supreme Court of South Dakota.

Submitted on Briefs Nov. 30, 1988.

Decided March 8, 1989.

Catherine V. Piersol of Rose & Piersol, Sioux Falls, for plaintiff and appellant.

John E. Burke, Sioux Falls, for defendant and appellee.

SABERS, Justice.

LaVonne Gibson (Wife) appeals a divorce decree claiming error in the division of property and in the amount of alimony. We reverse in part and remand.

### Facts

Glenn Gibson (Husband) and Wife were married June 18, 1950, in Brandon, South Dakota. They had two children during the marriage, both are adult and no longer at home. Both parties were fifty-seven at the time of divorce.

Husband was employed at a grocery store in Sioux Falls for the first two years of marriage. In 1954, he began working for the Air Force in a civilian capacity. He had also joined the Air National Guard in 1953. He continued in both capacities as of the time of divorce with a net monthly salary of $2,050.24.

During the first four years of marriage, until their first child was born, Wife worked full-time in clerical and service jobs. She remained at home for the next fifteen years to raise the children and take care of housekeeping duties. In 1969, she began working part-time for Western Bank. At the time of divorce she was working full-time at Western Bank and her net monthly salary was $863.40.

The court found that she suffered from arthritis, back problems, a hearing loss, and ringing of the ears. Husband was in good health. The court found that he was not well-suited for marriage and was primarily at fault for the divorce. Wife was granted the divorce on January 11, 1988 on the grounds of mental and physical cruelty.

The court divided the property by awarding her property with a net equity of approximately $40,000, while he received property with a net equity of approximately $46,000.[1] The largest asset divided was the marital residence which was valued at $66,000. The home had a net equity of $53,500 and a $310 monthly mortgage payment. The remaining marital property included several vehicles, household furnishings, and some liquid assets. The court ordered the home sold for $66,000, with the parties to divide the proceeds equally. Wife was given a ninety-day option to purchase Husband's share of equity in the home and assume the mortgage. Husband was given the same option upon lapse of Wife's option.

The court did not consider either party's retirement benefits as part of the marital property. Husband's benefits included a civilian pension through the Air Force and a military pension from the Air National Guard. The court determined that he would receive a combined total of $1,970.65 per month for life from both pensions. These fully taxable pensions begin upon Husband's retirement at age sixty and are contingent upon his survival. Wife calculates the value of Husband's pensions over a ten-year period at approximately $235,000. The value of Wife's pension is less certain because it is dependent upon the amount she and her employer contribute until she becomes eligible to receive the pension at age sixty-five. Based on current contributions, she estimates that the total value of her pension at age sixty-five would not exceed $6,241.05.

The court awarded Wife alimony of $525 per month until Husband's mandatory retirement at age sixty. The alimony award is then to be reduced to $330 per month. However, if Husband obtains other employment after retirement, Wife is entitled to twenty percent of the additional net income, with total alimony not to exceed $525 per month.

*Failure to include Husband's retirement benefits as divisible marital property*

Wife claims that the trial court erred in not considering Husband's retirement benefits in the division of marital assets. She argues that this was by far the largest asset and it was an abuse of discretion not to include the pensions. Husband argues that the pension plans were not divisible because they were not vested and had no present monetary value.

We review the trial court's division of property under the abuse of discretion standard of review. *Cole v. Cole*, 384 N.W.2d 312 (S.D.1986); *Goehry v. Goehry*, 354 N.W.2d 192 (S.D.1984); *Guindon v. Guindon*, 256 N.W.2d 894 (S.D.1977). While this discretion is broad, it is not uncontrolled and must be soundly and substantially based on the evidence. *Goehry, supra; Owen v. Owen*, 351 N.W.2d 139 (S.D.1984). The omission of assets which should properly be included as marital property is an abuse of discretion. *Guindon, supra.*

■ Although a portion of Husband's pension is military retirement pay, this does not prevent its inclusion as marital property. *Hautala v. Hautala*, 417 N.W.2d 879 (S.D.1988); *Moller v. Moller*, 356 N.W.2d 909 (S.D.1984). The state courts have jurisdiction over military retirement benefits and military pensions are not treated differently than other pensions in determining marital assets. *Moller, supra.*

■ This court has consistently held that vested retirement accounts and pensions should be included as marital assets and divided between the parties. *Caughron v. Caughron*, 418 N.W.2d 791 (S.D.1988); *Hautala, supra; Arens v. Arens*, 400 N.W.2d 900 (S.D.1987); *Stubbe v. Stubbe*, 376 N.W.2d 807 (S.D.1985). One rationale for including a retirement plan as a divisi-

1. The record is unclear on the valuation of some of the marital property. An independent appraiser valued all the property in Wife's possession, but Husband would not permit such an appraisal of the property in his possession.

There was a dispute as to the amount of equity in the 1986 Ford pickup, which was awarded to Husband without a finding as to the equity in the vehicle.

ble marital asset is that it represents consideration in lieu of a higher present salary. *Caughron, supra; Stubbe, supra.* The fact that Husband's pension is not payable until his retirement and is contingent upon his survival does not destroy the vested nature of his plan. As stated in *Stubbe:*

> [T]his pension plan is vested in the sense that it cannot be unilaterally terminated by his employer, though actual receipt of the benefits is contingent upon his survival and no benefits will accrue to the estate prior to retirement.

*Stubbe, supra* at 809. Husband's pension may not be unilaterally terminated by his employer and is vested.

■ Husband also argues that it was impossible for the trial court to include the pension as marital property since the present value of the account was not determinable at the time of trial. The fact of value of Husband's pension upon retirement was well established by the evidence at trial. There is no dispute as to the monthly payment amount of Husband's pension upon his retirement in two years, and its present value can be determined from this amount. Husband's pension plan is similar to that in *Stubbe,* where the court rejected the argument that the present value of the pension could not be determined.

Finally, Husband argues that *Stemper v. Stemper,* 403 N.W.2d 405 (S.D.1987), *modified on rehearing,* 415 N.W.2d 159 (S.D. 1987), does not permit the trial court to divide the pension plan and at the same time provide for alimony payments from the pension. Based on his reading of *Stemper,* he argues that the trial court did not abuse its discretion as it properly awarded Wife alimony out of the pension plan, rather than dividing it as a part of the marital property. The original *Stemper*

case, which denied an alimony payment from the same pension plan which was previously divided as marital property, was modified on rehearing. This court has also severely limited the *Stemper* holding that the trial court may not consider retirement income in awarding alimony. *Hautala, supra.* Husband's argument is also defeated by the trial court's Conclusion of Law 6. which states "In determining this alimony award the court has considered the defendant's civilian and military pensions and the court is not awarding the plaintiff any portion of such pensions."

■ We remand the property division to the trial court to include the pension plans as part of the marital property. The exact value of Husband's pension plans is yet undetermined, but this does not preclude the court from equitably dividing the pensions in the property division. As stated in *Hansen v. Hansen,* 273 N.W.2d 749, 753 (S.D.1979):

> We remand the property division to the trial court for a determination of the present value of the right to receive the retirement account upon retirement. The present value should be included in the property valuation and, if necessary, an equitable division may include a cash settlement payable in installments with interest.

The trial court should include the pensions as marital property, make a finding of present value, and make an equitable division based thereon. Such division may include installment payments in accord with *Hansen* or in the alternative, a determination of the percentage to which each would be entitled. We remand for this purpose and reserve judgment on the other issues until the trial court has divided the marital property in accordance with this opinion.[2]

2. The dissent claims that this opinion "fails to rule" on all of the issues created by the briefs. Obviously, on remand the trial court will correct its omission by including and dividing the omitted pension plans. This may very well eliminate any need to consider any other issues because they may be properly determined on balance with Issue 1. This is sound appellate procedure and disposes of most of the objections raised by the dissent.

. Additionally, there was no failure of proof. The proof is there—only a determination of the present value of that proof is missing. Even the dissent concurs "in the result of reversing and remanding this case on the pensions," since the trial court omitted as marital property the largest asset—an asset claimed to have a value exceeding $200,000.

Wife submits a motion and affidavit for attorney fees and costs on appeal in the amount of $2,429.05. Based on a consideration of the appropriate factors, we award Wife $1,200 for attorney fees. *Cole, supra.*

Reversed in part and remanded.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in result in part; dissenting in part).

First of all, I am astounded by the majority opinion in that it fails to rule upon the issues created by the briefs. Appellant and appellee, although couched in different language, each presented this Court with three issues. The first issue centers around a civil service retirement plan and military retirement plan; the second issue addresses a supposed abuse of discretion on alimony; and the third issue addresses discretion in awarding tangible personal property.

Examining this opinion, in its opening paragraph, I note that this Court is "reverse in part and remand." There is apparently no "affirm in part." As I understand it, when one reads the final page of this opinion, this Court decides one issue: That the trial court must now make a finding of the present value of pensions as marital property. Surprisingly, it then leaps one step further in logic and decision-making power by expressing (a decision which should be totally in the control of the trial court), if not mandating, that a certain division must be made, telling the trial court that it has two alternatives. Then, shockingly, it decides that it will decide nothing further until such time that (apparently) it learns what the trial court has done on a mandate (concerning a discretionary power of a trial judge). For, does not this opinion say, that it will "reserve judgment on the other issues until the trial court has divided the marital property in accordance with this opinion"? It is not for this Court to find the facts. It is not for this Court to divide the property. It is not for this Court to tell the trial court how it divides property. If, indeed, that is the case, then all divorce cases will end up in the Supreme Court of South Dakota, then and there to be decided de novo. Perhaps this decision is an indicia of why this Court is literally swamped with divorce cases and, particularly, cases involving alimony awards.

As long as we continue, in this Court, to have decisions such as this, the flood of domestic relations cases will continue. We must look back at some of our older cases for guidance and to help us out of the morass that we now find ourselves in.

On the issues briefed, I would affirm the alimony award and the property award on the tangible personal property. I concur in the result of reversing and remanding this case on the pensions, for the reason, as expressed in *Caughron v. Caughron,* 418 N.W.2d 791, 793 (S.D.1988): "Again, a retirement plan has been recognized as a divisible marital asset because it represents consideration in lieu of a higher present salary." *Id.* (citing *Stemper, Stubbe,* and *Hansen* ).

Although *Stemper v. Stemper* was modified, this statement was not modified: "A claim or theory not mentioned in the proposed findings of fact and conclusions of law is deemed abandoned. *Turley v. Union Carbide Corp.,* 618 F.Supp. 1438 (S.D. W.Va.1985)." *Stemper,* 415 N.W.2d 159, 160 (S.D.1987). Appellant submitted findings of fact and conclusions of law. However, the very core of the majority opinion, which is to return this case to determine valuations on pension plans, should, perhaps, fall because of the prior statement made by this special writer. Appellant wife did not present any evidence of the present cash value of the husband's civil service or military retirement. Appellant wife did not propose any findings of fact or conclusions of law as to the present value on retirement plans of the husband. She did, however, in her conclusions of law, suggest that the trial court should award her 36% of the husband's civilian and military pensions. She owed a duty, by a preponderance of a proof, being the plain-

tiff, to adduce evidence on the valuations of these retirement plans or pension plans. But she failed in her proof and she failed in submitting proper findings of fact and conclusions of law. This Court should not, arguably, permit her a second bite of the apple. This Court should not, arguably, permit her to retry what she has failed to do in the first trial. It is the function of the trial court to find facts. Not this appellate Court. *Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978). It is true that valuations, determined by the trial court, must be within the range of evidence before the court. *Hersrud v. Hersrud*, 346 N.W.2d 753 (S.D.1984); *Krage v. Krage*, 329 N.W. 2d 878 (S.D.1983). We do not have a problem, in this case, of a trial court failing to do its duty; we have before us a failure of a plaintiff to adduce evidence to establish a case, namely, to have an expert or experts or someone familiar with these retirement plans or pensions to come forward and testify as to their value. This was never done. I fully appreciate that "a retirement plan has been recognized as a divisible marital asset because it represents consideration in lieu of a higher present salary." *See Caughron*, 418 N.W.2d at 793. Whose responsibility is this to come forward with this proof? Surely, that is not the province of the judge who is supposed to be a neutral judicial officer. It should not be the responsibility of the Supreme Court to reverse a trial judge because he or she has acted on the record presented to him/her. On the other hand, if evidence has been presented, and it is very cloudy and uncertain, concerning the present value of retirement accounts, a trial judge must rule on the evidence before him/her. However, when no evidence is before him/her, what is he/she to do? For a trial judge to award a retirement plan or pension, he/she must have evidence in the record upon which he/she may reasonably act. A trial judge can only act on facts presented. And he/she must also act on the proposed findings of fact and conclusions of law which are presented to him/her. SDCL 15–6–52(a) sets forth the proper procedure for serving proposed findings of fact and conclusions of law and proposed judgment.

Thereafter, a procedure is set forth, statutorily, concerning the withholding by the court of the entering of findings for a period of five days after service. Thereupon, the court enters findings of fact and conclusions of law and judgment as it deems proper. Conceding that the appellant tried the theory and claim that these pension plans were a divisible marital asset, proposed findings of fact and conclusions of law should have been prepared and served. It is noted that appellant did recite, in her proposed findings of fact, the yearly amounts that husband would receive upon his retirement, via two pensions; however, the proposed conclusion of law theorized (from some type of a dreamed-up formula) that she should be awarded 36% of her husband's total civilian pension through the Air Force and a military pension from the Air National Guard. This is a far cry from placing a present monetary value or valuation upon pensions. Therefore, I believe that a great deal of additional legal expense and time lie at the door of the appellant, who failed in her proof below.

In *Caughron*, the failure of proof and the failure of findings of fact and conclusions of law were not argued by appellee. In this case, appellee has vigorously argued that the civil proof and civil procedure of plaintiff is quite faulty. I believe that although it is faulty, and albeit very weak, appellant did have a claim or theory, *i.e.,* the 36% theory. Under the 36% share theory of appellant's, she would be paid a monthly installment of approximately $702.00 per her Exhibit No. 7.

It is wrong to totally segregate alimony and property division. This is exactly, in my opinion, what the appellant seeks to achieve. If this opinion stands for a total dissection of marital property being divided on the one hand and alimony being granted also on the other hand, with judicial blinders to obfuscate equity, I firmly dissent to such an equitable holding. Old cases. Good cases. *Booth v. Booth*, 354 N.W.2d 924 (S.D.1984), instructs us that in order to determine if the trial court has abused its discretion, this court reviews the award the

alimony and property division together. *Booth, id. Krage,* cited above, stands for the same proposition. Do we mean what we say? Over and over again, in this Court, we have talked, discussed, discoursed upon, and written that the trial court has broad discretion in awarding alimony and making a property division. We pronounce that judgment will not be set aside, in such instances, unless it clearly appears that the trial court has abused its discretion. *Goehry v. Goehry,* 354 N.W.2d 192 (S.D.1984). We should not, from our appellate perch in Pierre, instruct this trial judge on the specifics of his decision. For, to do so, is to expunge and eradicate his discretion. Below, as the trial judge now struggles to determine these valuations, I would remind him that we have said: "While we do not require exactitude, valuations must be within the range of evidence before the Court." *Pennock v. Pennock,* 356 N.W.2d 913, 914 (S.D.1984). I appreciate that it will be a difficult task for the trial court to determine the division of marital property and alimony under the state of the present record. Surely, there must be some evidence produced to determine, with a reasonable degree of accuracy, the valuations of these pension plans. The balancing, between the alimony and the property division award, in my opinion, must take place, under the numerous decisions of this Court. Property division of the appellee's retirement plan/pensions cannot be considered in a vacuum. It is noteworthy that appellant is on her way to a pension plan but that seems to be totally immaterial. If his pension plans go into the marital pot, so likewise for her plan.

Lastly, I wish to simply express that, in my opinion, the trial judge gave a very thoughtful consideration to this case. There is no abuse of discretion on the alimony award and the tangible personal property assets were divided $46,245.11 to the husband and $40,004.94 to the wife. No abuse of discretion on the latter decision.